### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GERALD DRAGON | ) | CASE NO. 1:11-cv-00984 |
| | ) | |
|     Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR |
| | ) | |
| vs. | ) | **MOTION FOR DEFAULT** |
| | ) | **JUDGMENT AGAINST** |
| H2H DELIVERY SYSTEMS, LLC, *et al*. | ) | **DEFENDANTS KENDRAH** |
| | ) | **DAMIS AND KLSD, INC.;** |
|     Defendants. | ) | **MOTION FOR APPOINTMENT** |
| | | **OF RECEIVER** |

Plaintiff Gerald Dragon, pursuant to Rule 55 of the Federal Rules of Civil Procedure, respectfully moves this Court for entry of default judgment against New Party Defendants, Kendrah Damis, and KLSD, Inc.  The Summons and Second Amended Complaint were served upon both KLSD, Inc. and Ms. Davis, pursuant to Civil Rule 4(e), on September 26, 2013.  (See, Return of Service, Docket #58).  As the time to serve an answer has expired and these New Party Defendants have neither filed an answer nor sought leave to plead, entry of default is appropriate.

Because these New Party Defendants have defaulted, the factual allegations of the Complaint are to be taken as true for purposes of deciding this motion.  Fed. R. Civ. P. 8(d). Pursuant to Civil Rule 55, Plaintiff requests that the Court enter judgment in his favor with regard to Counts One through Six of the Second Amended Complaint.  In accordance with Rule 55(b)(2)(B), Plaintiff requests a hearing to determine the amount of compensatory and punitive damages, and attorneys fees, owed by Kendrah Damis and KLSD, Inc. on Counts One through Six of the Second Amended Complaint.

Because New Party Defendants have engaged in fraudulent transfers, as described in the Second Amended Complaint, Plaintiff further requests that the Court enter an Order granting the relief sought in Count Six of the Complaint as follows:

a)  Prohibiting New Party Defendants Kendrah Damis and KLSD, Inc. from transferring any asset, including but not limited to the contracts to service FedEx Route Nos Route Nos. 110307, 110290, 120570, 110315, until the amount of the judgment is satisfied;

b)  Setting aside any transfers made by New Party Defendants Kendrah Damis and KLSD, Inc. during the pendency of this action, to the extent necessary to satisfy Plaintiff's claims; and

c)  Authorizing Plaintiff to attach and/or garnish the assets of New Party Defendants, Kendrah Damis and KLSD to the extent necessary to satisfy Plaintiff's claims.

Finally, pursuant to Civil Rule 66 and this Court's inherent power, Plaintiff requests that the Court appoint a receiver over the assets of KLSD, Inc. until such time as the assets can be properly liquidated. The Court may appoint a receiver if the Court finds it is necessary after considering:  the validity of Plaintiff's claims;  the probability that fraudulent conduct has occurred or will occur to frustrate the claim; imminent danger that property will be concealed, lost, or its value diminished; inadequacy of legal remedies; lack of less drastic equitable remedy; and the likelihood that appointment will do more good than harm. *See, e.g., De Boer Structures (U.S.A.), Inc. v. Shaffer Tent & Awning Co.*, 187 F. Supp. 2d 910, 913 (S.D. Ohio 2001).

Because KLSD, Inc. is already in default, requiring that the facts plead in the Second Amended Complaint be accepted as true, there is no dispute that Plaintiff's claims are valid, and

2

fraudulent conduct has occurred.  Given that KLSD, Inc. was the recipient of fraudulent transfers made during the pendency of this case to prevent Plaintiff from recovering, it is extremely likely that KLSD, Inc. will attempt to conceal assets in the future, and if it does so, Plaintiff will be left with little or inadequate legal remedies.  In light of KLSD's prior involvement in the fraudulent transfers, no less drastic equitable remedy is available that will protect Plaintiff's interests.  Finally, there is no reason for the Court to presume that the appointment of a receiver will do any harm.  Appointment of a receiver is justified to preserve KLSD Inc.'s ongoing contracts for Fed Ex routes, to ensure that they are properly serviced, and to otherwise prevent the disposition of assets by KLSD, Inc.  Attached hereto is the curriculum vitae of Zachary B. Burkons, who frequently serves as a Court Appointed Receiver with extensive experience managing assets and is ready and able to serve as a Receiver of KLSD, Inc.

Respectfully submitted,

/s/  Cathleen Bolek
CATHLEEN M. BOLEK (0059884)
MATTHEW D. BESSER (0078071)
**BOLEK BESSER GLESIUS, LLC**
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

*Counsel for Plaintiff*

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing via U.S. Mail this 23rd day of October 2013 upon:

Defendants:  Christopher Damis, H2H Delivery Systems, LLC, Westside Deliveries, Inc., Kendrahh Damis, and KLSD, Inc.c/o Kendrahh Damis, Statutory Agent:
1323 Worley Avenue, NW
Canton, Ohio 44703

And by operation of the Court's electronic filing system upon:

Brian J. Kelly
Frantz Ward LLP
2500 Key Center
127 Public Square
Cleveland, OH 44114-1230
Counsel for Defendant Fed Ex Ground Packaging

Kent R. Minshall, Jr.
Minshall Law Office
2189 Professor Avenue
Cleveland, OH 44113
Counsel for Defendants Malak Delivery Inc. and Samah Abu Mathkour

Sarah Beth Baker
Roetzel & Andress - Akron
Ste. 400
222 South Main Street
Akron, OH 44308
Counsel for Defendants DT Delivery LLC and Daniel J. Tennant

/s/   Cathleen Bolek
Counsel for Plaintiff