**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **GERALD DRAGON,** | ) | **CASE NO. 1:11-CV-00984** |
| | ) | |
| Plaintiff, | ) | **JUDGE SOLOMON OLIVER, JR.** |
| | ) | |
| v. | ) | **DEFENDANT FEDEX GROUND** |
| | ) | **PACKAGE SYSTEM INC.'S REQUEST** |
| **H2H DELIVERY SYSTEMS, LLC,** | ) | **FOR REJECTION OF PLAINTIFF'S** |
| | ) | **PROPOSED ORDER FOR** |
| Defendants. | ) | **APPOINTMENT OF RECEIVER, OR** |
| | ) | **IN THE ALTERNATIVE, FOR AN IN-** |
| | ) | **PERSON HEARING** |

## I.  INTRODUCTION

The Proposed Order For Appointment of Receiver filed by Plaintiff Gerald Dragon on December 2, 2013 ("Proposed Order") is far broader than the circumstances warrant, and in fact it very likely would cause more harm than good. The powers granted to the receiver under the Proposed Order violate the terms of the contract which is the primary asset targeted by Plaintiff. Even if appointed, there is no evidence that the proposed receiver could maintain the value of the assets by competently performing the services required by the contract. On the contrary, even the mere cost of the receiver's services may consume a significant portion of the assets' value. In addition, the Proposed Order does nothing to recognize or preserve the rights of FedEx Ground Package System, Inc. ("FedEx Ground) under the contract at issue regarding either the ongoing service of the delivery routes or the potential sale of those routes to another contractor.

For these reasons and those set forth below, FedEx Ground requests that the Court reject the Proposed Order. In the alternative, FedEx Ground requests that any order entered recognize that FedEx Ground's rights under the contract are not abridged or impaired in any way. In addition, if any relief is to be granted to Plaintiff, FedEx Ground asks that the Court first hold an

in-person hearing to address the issues discussed herein and possible alternate forms of relief which can adequately address the assets of KLSD, Inc. ("KLSD") and Kendrah Damis.

## II. THE PROPOSED RECEIVERSHIP DIRECTLY AFFECTS FEDEX GROUND'S CONTRACTUAL RIGHTS

The proposed receivership should be denied because it improperly and adversely affects the rights of FedEx Ground. Prior briefing on the Plaintiff's receivership motion discusses the contractual relationship between FedEx Ground and KLSD, but several additional facts are material in light of the Proposed Order. The Operating Agreement ("OA") that FedEx Ground and KLSD entered into is a "leasing agreement" under 49 U.S.C. § 14102 and related Department of Transportation regulations. Pursuant to the OA, KLSD performs motor vehicle transportation services (the pick-up and delivery of FedEx Ground packages) under the DOT operating authority of FedEx Ground. KLSD is required by law to display FedEx Ground's name and DOT number on the vehicles used to perform such services. The OA grants KLSD exclusive rights to pick-up and deliver packages in certain contractually-designated areas (a.k.a. "routes") during the term of the contract, and the OA sets forth standards of service which must be achieved. The vehicles and drivers used by KLSD to provide service must also meet DOT requirements.[1]

Thus, a business partner such as KLSD with whom FedEx Ground has chosen to contract can affect FedEx Ground in at least two important ways. First, of course, if KLSD were to provide poor pick-up and delivery service, shippers may choose not to use FedEx Ground's services in the future, thereby harming FedEx Ground's financial and business interests. FedEx Ground has a strong interest in KLSD consistently and competently providing the contracted-for services. Second, under motor carrier regulations, the actions of KLSD can affect FedEx

---

[1] FedEx Ground disputes certain of the factual allegations and interpretations of the Operating Agreements set forth in the Proposed Order. Although well-pleaded factual allegations may be deemed admitted against a defaulting party, FedEx Ground does not concede their truth and will dispute them at the appropriate time.

Ground's standing as a licensed motor carrier. For instance, any KLSD safety violation or hours-of-service violation would be attributed to FedEx Ground by the DOT because KLSD is operating under FedEx Ground's operating authority, which could impact FedEx Ground's ability to operate.

The OA expressly recognizes and contemplates these interests by maintaining safeguards. For example, the OA expressly disallows any transfer of control over or interest in the routes without FedEx Ground's consent, which may be withheld if, for instance, FedEx Ground believes that the new operator would not be able to achieve the results contracted for in the OA. This provision applies if KLSD voluntarily assigns the OA or otherwise transfers its rights or obligations in a route. This provision also applies in the event of a transfer of control of the management of KLSD (including the appointment of new officers or directors), any assignment by operation of law or court order, or any other transaction having the effect of an assignment or transfer. See OA Addendum 16, paragraph 7 (attached as Exhibit A). Ordering the transfer of the routes to a receiver would essentially nullify all of these safeguards and contract provisions.

Furthermore, it is important to consider what happens in the event of a proposed transfer under the contract provisions. Specifically, FedEx Ground would likely consent to a proposed transfer when the new operator is already a contractor in good standing with FedEx Ground or is an entity formed by someone who has experience and demonstrated capability performing services under a FedEx Ground OA. However, in a case like this, where Plaintiff proposes transfer of operational control over a route to a person without relevant experience in the industry, consent would be less likely unless FedEx Ground had adequate assurances that the operator could meet the contractual requirements. Here, Plaintiff wants to transfer control of and potentially sell the routes without protection or even recognition of FedEx Ground's rights.

### III. THE PROPOSED ORDER IS OVERLY BROAD AND MAY CONSUME THE ASSETS SOUGHT TO BE PRESERVED

The proposed receivership order should also be denied because it is overly broad and may consume the assets sought to be preserved. Plaintiff has proposed a sweeping and drastic measure in order to preserve KLSD's assets, and that measure is not justified under the circumstances and the controlling legal standards. If any relief is granted, it should be much more narrowly tailored.

**A. No imminent danger of concealed transfer of routes.**

Plaintiff has failed to show any imminent danger of fraudulent conduct by KLSD, which is a required element for relief of this nature. Although the Second Amended Complaint alleges that KLSD was the recipient of a "fraudulent transfer" of routes in early 2012, Plaintiff submits no evidence that KLSD has taken or will likely take any action that will diminish the value of KLSD. KLSD has continued to service the routes, generate income, and maintain whatever market value the routes have during the twenty-one months since acquiring them. There is no evidence in the record that KLSD has engaged in any fraudulent conduct during that time or that any diminishment of assets is about to occur. Even as to the initial route transfer to KLSD, there is no proof as to fraudulent intent beyond KLSD's mere failure to respond to the Second Amended Complaint.

Even if KLSD desired to transfer routes, it cannot do so unilaterally. It must notify and obtain consent from FedEx Ground, and thus the Court and the parties can be notified of any transfer request in order to take any action deemed appropriate. Therefore, there is no demonstrated risk of KLSD somehow transferring the primary asset at issue without an opportunity for intervention by the parties and/or the Court.

**B. Proposed receiver is not qualified to operate KLSD**.

Furthermore, without questioning the general professionalism or competence of the proposed receiver, Zachary Burkons, he and his property management company (Rent Due, LLC) appear to have no experience managing or operating trucking operations. Mr. Burkon's resume (submitted by Plaintiff in Document #59-1 as part of his motion for default judgment) and available information on Rent Due, LLC (see Exhibit B for pages from www.rentduellc.com viewed on December 3, 2013) reveal that Mr. Burkon's expertise lies in managing real estate properties. Mr. Burkons has an MBA degree in "Real Estate, core applications in management and finance." (Doc. #59-1 at 1.) Rent Due, LLC, which the Proposed Order empowers to "manage the Receivership Property" (Proposed Order ¶ C(1.1)), summarizes its services as focusing on "efficient, value-driven real estate performance. We manage multi-family properties as well as commercial sites." (Exh. B at 2 (under the title "What we do").)

The Proposed Order asserts that, prior to the time that he began managing properties and obtained an MBA, Mr. Burkons "served as a national sales manager for a third party logistics concern" from 1996-1998. (Proposed Order Exh. A.) That company's services are only vaguely described, as "third-party logistics" is a broad term that could refer to a range of services. In any event, Plaintiff does not explain how this "sales experience" will translate into the operation of a trucking company which actually picks up and delivers packages point-to-point, or how the proposed receiver will be equipped to make the day-to-day operational decisions required under the OA. When a new contractor seeks to obtain a contract with FedEx Ground, it generally supplies a business plan detailing how it is qualified to operate this particular type of business and meet the contractual requirements, including information about relevant experience in this industry, customer service, driver recruiting and retention, employee knowledge and skills

(including as related to FedEx Ground's operations and specific service offerings), safety, security, handling of contingencies (e.g. employee absences, package volume surges, etc.), and compliance with DOT regulations. Plaintiff neither provides this information nor indicates that it can be adequately provided.

Several additional concerns also flow from Plaintiff's proposal. First, the proposed receiver amounts to a new business partner being imposed on FedEx Ground without sufficient information and without its consent. Second, the apparent inexperience of the proposed receiver in the relevant industry may lead to service failures that may damage FedEx Ground's business. Third, and perhaps most significantly in the context of this action, repeated service failures will put the OA at risk of termination under its own terms. Upon termination, the "routes" that Plaintiff seeks to sell to satisfy a judgment would cease to exist and would have no value. It simply will not serve the interests of any party to transfer control of KLSD to the proposed receiver.

## C. The cost of receivership may significantly reduce value of assets.

In addition to the problems discussed above, the cost of the proposed receivership may significantly reduce the value of the assets. The Proposed Order reveals that the proposed receiver bills for his services at an hourly rate of $175, with his attorney charging $275 per hour for receivership legal services and the underlying management company charging varying lower rates. Plaintiff has not provided any estimate whatsoever on how many hours would be required to perform the wide variety of services which would be required or permitted by the Proposed Order, including performing an initial review of KLSD, acquiring sufficient knowledge to operate the business, maintaining day-to-day operations, and preparing for and executing a sale of assets. KLSD is a small business with gross income from FedEx Ground that varies, but is on the order of a few thousand dollars per week, before payment of operating expenses (paying

6

drivers, fuel, truck maintenance, insurance, etc.).  The costs of billable-hour management of KLSD could easily overwhelm the value of the business.  The proposed receivership is not a cost-effective remedy.

Even if the routes were sold, rather than operated as ongoing concerns, the sale value of the routes is uncertain.  Evidence cited by Plaintiff shows the variability of amounts paid in the past to acquire routes (between $5,000 and $25,000 in that sample), and the market value of KLSD's routes could be much less in the context of a court-ordered liquidation.  The receivership costs (and the fees of the broker authorized in the Proposed Order) could consume most of the sale proceeds.

### D.  Alternative relief would adequately address Plaintiff's concerns.

Rather than appointing a receiver over KLSD (at least as it applies to the OA and services performed thereunder), the Court could craft alternate forms of relief which more appropriately suit the circumstances and the nature of the assets at issue.  Possibilities include:

- Maintaining the status quo by ordering FedEx Ground to notify the parties and the Court of any KLSD request to transfer a route or the entire OA, allowing sufficient time for intervention before FedEx Ground responds to KLSD's request;

- Arranging a court-approved sale for fair value of one or both routes to co-defendant Malak Delivery, Inc. (which, upon information and belief, had previously come to terms with KLSD on the purchase of a route before Plaintiff opposed the transaction and KLSD withdrew the transfer request);

- Ordering a sale of the routes and appointing an agent to execute a sale, but also preserving FedEx Ground's right to consent pursuant to the OA; and

- Garnishing payments made by FedEx Ground to KLSD under the OA.

**E. Several terms of the Proposed Order are inappropriate.**

As a final matter, if the Court decides to enter any Order regarding the duties, rights and compensation of a proposed receiver, FedEx Ground submits that many of the specific terms of the Plaintiff's Proposed Order appear to have been carried over from a form used in a real estate setting and should be stricken because they are excessive and/or inapplicable in a setting such as the one presented here. As a broad example, the definition of "Receivership Property" (Proposed Order ¶ A) simply recites "Route Nos. 120570 and 110315" and "all operating agreements of KLSD" as if these assets were physical property. Any Order must recognize that these are contractual rights subject to the terms of the OA. Other examples include (references are to subsections of Proposed Order ¶ C):

- Authorizing Rent Due, LLC, which has no experience managing transportation services, to manage KLSD's provision of services under the OA (per ¶1.1);

- Authorizing the receiver to possess, secure and safeguard the property as if it were real estate (e.g. ¶1.2);

- Granting unfettered and overbroad access to documents and information from "all parties" (¶1.4);

- Granting other powers that apply only to real estate assets, such as control over security deposits and utilities, changing locks, inspecting premises, etc. (e.g. ¶¶1.4, 1.5, 2.1 and 10.3);

- Using undefined terms such as "the Project" (¶2.1(m));

- Giving Plaintiff direct approval rights over the operation of the receivership (¶3);

- Providing for the sale of KLSD or the routes in its OA, without recognizing FedEx Ground's rights in the event of a proposed transfer, and doing so with provisions that

8

only apply to real estate transactions (title companies, deeds, mortgage loans, etc.) (¶4);

- Giving the Receiver the power to hire employees, without requiring the receiver to ensure that such employees hold the proper licenses/certifications to perform the work contemplated (¶2.1(f)); and

- Authorizing the Receiver to "enforce, amend, reject or terminate any pre-receivership contracts or agreements in Receiver's sole and absolute discretion" (¶2.1(o)), which would include the power to amend the OA, which Plaintiff does not have the right to do, and which the Receiver should not have the right to do either.

There are other provisions that are inapplicable to a setting such as this one and/or improper because they negatively and unfairly impact the rights of other parties. Because it is the position of FedEx Ground that the receivership is improper in the first place, it will not endeavor to provide a complete list of the inapplicable and improper provisions in the Plaintiff's Proposed Receivership Order at this time. In the event that the Court requires further discussion on this topic, FedEx Ground will promptly provide it.

## IV. CONCLUSION

The Proposed Order simply goes too far in proposing extreme action, and Plaintiff has not demonstrated that such extreme action is necessary or proper under facts of this case or the applicable legal standard. Furthermore, entry of the Proposed Order may negatively impact the rights and operations of FedEx Ground. As a result, FedEx respectfully requests that the Court

reject the Proposed Order. In the alternative, Defendant FedEx Ground respectfully requests that the Court hold an in-person hearing regarding options for more narrowly-tailored relief appropriate under the facts of this case.

                                          Respectfully submitted,

                                          __/s/ Brian J. Kelly_____
                                          Brian J. Kelly (#0063679)
                                          bkelly@frantzward.com
                                          **FRANTZ WARD LLP**
                                          127 Public Square
                                          2500 Key Tower
                                          Cleveland, Ohio 44114
                                          (216) 515-1660 (Telephone)
                                          (216) 515-1650 (Facsimile)

                                          Benjamin J. Ferron (admitted *pro hac vice*)
                                          benjamin.ferron@fedex.com
                                          **FEDEX GROUND PACKAGE SYSTEM, INC.**
                                          1000 FedEx Drive
                                          Moon Township, Pennsylvania 15108
                                          (412) 859-5945 (telephone)
                                          (412) 859-5450 (facsimile)

                                          *Attorneys for Defendant FedEx Ground Package System, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on December 10, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          _____/s/ Brian J. Kelly_____
                                          Attorney for Defendant
                                          FedEx Ground Package System, Inc.